## K. C. S., LTD. *v.* EAST MAIN STREET LAND DEVELOPMENT CORPORATION ET AL.

[No. 1289, September Term, 1977.]

*Decided July 18, 1978.*

The cause was argued before GILBERT, C. J., and MOYLAN and LOWE, JJ.

*Edgar A. Baker, Jr.,* with whom was *Sheldon B. Seidel* on the brief, for appellant.

*John B. Robins, IV,* with whom was *Don E. Richardson* on the brief, for appellees.

GILBERT, C. J., delivered the opinion of the Court.

Does "the right of first refusal," of specified real property, embodied in a lease between a corporate landlord and its tenant include the right to purchase from the landlord's stockholders all the authorized and issued outstanding stock

of the corporate landlord? The Circuit Court for Wicomico County (Simpkins, J.) decided that it did not. The appellant-tenant, steadfastly of the belief that it possessed such a right, has appealed.

## THE FACTS

One of the appellees, the East Main Street Land Development Corporation (Landlord) [1] is the owner of certain real estate on East Main Street and on Market Street in Salisbury, Maryland.

On September 15, 1973, Landlord leased the property designated as 308 East Main Street to the Del-Mar-Va Beauty Academy, Inc., for a term of five (5) years. The lease also contained the seeds to this litigation in the form of the clause "[t]he tenant has the right of first refusal to buy this property by matching any legitimate offer during the term of this lease." [2]   Del-Mar-Va assigned the lease to the appellant-tenant, K. C. S., Ltd. (Tenant) on October 27, 1976.

We infer from the record that sometime in the late summer or early fall of 1977,[3] Landlord listed its real property, including the property in which appellant is a tenant, with a Salisbury realtor at an asking price of $155,000. The parties have stipulated to the then following sequence of events:

> "1. That a written offer to purchase the real estate, in the amount of $140,000.00 was made by ... [Appellees] Bendler and Onley to the East Main

---

1. The additional appellees are persons consisting of the stockholders of Landlord, the purchasers, and a real estate broker and his agent.

2. Although the matter was raised in the trial court, no issue has been raised in this Court concerning the fact that the right of first refusal referred to the property known as 308 East Main Street, but the appellant is, nevertheless, seeking to enforce its "right of first refusal" additionally, against 310, 312, 314, and 316 East Main Street as well as against another "parcel situated across Market Street from the above." We shall, therefore, not consider it. See Straley v. Osborne, 262 Md. 514, 523-26, 278 A. 2d 64, 69-71 (1971). But see Annot., 170 A.L.R. 1068 (1947); 49 Am. Jur. 2d Landlord and Tenant § 371 (1970).

3. We observe that the stipulation does not state the year in which the happenings took place, but we, in response to inquiry at oral argument, have established that the year in which the transactions occurred was 1977.

Street Land Development Corporation during the latter part of September. This offer was rejected.

2. By letter dated September 29th and delivered on October 2nd, East Main Street withdrew the listing of the property.

3. On October 8th, ... [Appellees] Bendler and Onley made an oral offer to purchase the real estate for $155,000.00 which offer was not accepted.

4. On October 10th, [Appellee] Robert G. Emond, who was aware that Bendler and Onley were interested in purchasing the stock of the corporation, entered into a discussion with his accountant and agreed that it would be advantageous.

5. On October 15th, a contract or agreement for the purchase of stock for the purchase price of $155,000.00 was tendered to Robert G. Emond, President of East Main Street Land Development Corporation and was accepted.

K.C.S., Ltd. was aware of the fact that the property had been listed for sale, however, no specific offer by a third party to purchase the property or stock was ever communicated to K.C.S., Ltd.

K.C.S., Ltd. now and at all times mentioned was ready, willing and able to match a legitimate offer for the purchase of the property and/or stock for $155,000.00."

Tenant filed a bill in equity against Landlord, its stockholders, the contract purchasers of Landlord's corporate stock, the realtor and the real estate agent. The bill prayed, *inter alia,* that the chancellor enjoin the "sale or exchange of the stock and/or real estate and/or improvements of East Main Street Land Development Corporation to anyone other than Complainant. . . ."

The case was heard by Judge Simpkins on an agreed statement of facts, conforming to the stipulations set out above.

## THE LAW

Aside from our observation in n. 2, *supra,* there are two (2) separate and distinct things involved in this matter, namely, 1) the real property and 2) the corporate stock of Landlord.

The general rule is that when a lease, as here, contains a "right of first refusal," a lessee may enjoin the lessor from selling the demised property to anyone other than the lessee. *Straley v. Osborne,* 262 Md. 514, 524, 278 A. 2d 64, 70 (1971). *See also Westpark, Inc. v. Seaton Land Co.,* 225 Md. 433, 449-50, 171 A. 2d 736, 743 (1961); Annot., 170 A.L.R. 1068 (1947); 49 Am. Jur. 2d *Landlord and Tenant* § 374 (1970); 1A A. Corbin, *Contracts* § 261 (1963).

The word *sell* ordinarily means to transfer title or possession of property to another in exchange for a valuable consideration. *Eastern Shore Trust Co. v. Lockerman,* 148 Md. 628, 636, 129 A. 915, 918 (1925).

An analysis of the facts in the case *sub judice* demonstrates that there was no sale of the real property owned by Landlord. Title to the East Main Street properties as well as that located on Market Street remains in Landlord. What has been sold is the stock of Landlord. While it is true that Landlord offered the realty it owned for sale through the real estate broker, the real property was not sold. Inasmuch as the lease between Landlord and Tenant did not extend to Tenant a "right of first refusal" to purchase all or part of the corporate stock of Landlord, no breach of the lease has occurred by virtue of the sale of stock by the stockholders of Landlord. Tenant is in no worse position than it was before the sale of the stock. Tenant still possesses all the rights and privileges conferred on it by the lease, including the "right of first refusal" to purchase the property demised to the Tenant.

There appears to be a dearth of cases dealing with the issue raised by Tenant, and which we stated at the outset. Perhaps this is true, because, as one authority suggests, the answer is usually obvious. Annot., 70 A.L.R.3rd. 203, 206 (1976). We think it obvious in the matter now before us. Corporations are legal entities "conceived by the mind of man and legitimated by statute. . . ." *Dixon v. Process Corp.,* 38 Md. App. 644, 645,

382 A. 2d 893, 894 (1978). They may be owned by one person or by millions of persons. The sale of corporate stock is an every day occurrence, and indeed, an industry has been created for the purpose of buying, selling, and trading in stocks and other securities. If, perchance, a large corporation with a multitude of stockholders entered into a lease with a tenant, and the lease contained a "right of first refusal" to buy the leased premises if it were offered for sale, no one would seriously contend that a transfer of some of the corporate stock from a seller thereof to a buyer would operate so as to trigger the "right of first refusal" on the theory that the sale of the stock is the equivalent to a sale of the demised premises. Yet, the only difference between that hypothetical and the case *sub judice* is the quantity of stock being sold. The fact that as a result of the stock sale the control of the corporate landlord will be altered did not change the ownership of the East Main Street property. *Torrey Delivery, Inc. v. Chautauqua Truck Sales and Service, Inc.,* 47 App. Div. 2d 279, 366 N.Y.S.2d 506 (1975). That all the issued corporate stock of Landlord or part of the issued stock of Landlord was sold does not constitute a transfer of the property of the corporation so as to awaken the dormant clause of the lease pertaining to the "right of first refusal."

Judge Simpkins properly dismissed Tenant's bill of complaint.

*Judgment affirmed.*
*Costs to be paid by appellant.*